UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| MARTHA QUEZADA SOTO *et al.* § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:24-cv-168 |
| § | |
| NOE VILLARREAL VAZQUEZ D/B/A § | |
| VAERSA MX CRUCES § | |
| INTERNACIONALES § | |

# ORDER

In this personal injury case removed on diversity grounds, the Court ordered the parties to file supplemental briefs on subject-matter jurisdiction after Plaintiffs alleged that Defendant maintains a Texas driver's license and residence (Dkt. No. 13; Min. Ent. Feb. 26, 2025). Defendant requested additional time to file supplemental documents supporting diversity jurisdiction, and the Court granted Defendant leave to file the documents (Dkt. Nos. 15 at 3; 17 at 2). The parties' briefs and supplemental documentation are now before the Court (Dkt. Nos. 15, 16, 18). Because Defendant's jurisdictional allegations and documentation are insufficient to establish jurisdiction, the Court **REMANDS** this case on its own motion. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## I.     BACKGROUND

Plaintiffs Martha Quezada Soto and Erika Garcia filed this personal injury suit against Defendant Noe Villarreal Vazquez, individually and doing business as Vaersa MX Cruces Internacionales, in state court on August 15, 2024 (Dkt. No. 3 at 3). Plaintiffs served Defendant with a citation on August 19, 2024, and Defendant

filed an answer on November 12, 2024 (Dkt. No. 3 at 13, 18). Defendant then removed the action to this Court on December 9, 2024 (Dkt. No. 1).[1] In his notice of removal, Defendant alleged that jurisdiction lay under 28 U.S.C. § 1332 because Defendant was a Mexican citizen—and therefore diverse from the Texan Plaintiffs—and the amount in controversy requirement was met (Dkt. No. 1 at 1–2).

Although Plaintiffs have not moved for remand, they have repeatedly alleged that Defendant is, in fact, a Texas citizen (Dkt. Nos. 9 at 2; 16 at 2; Min. Ent. Feb. 26, 2025). In the parties' joint report filed pursuant to Federal Rule of Civil Procedure 26(f), Plaintiffs asserted that Defendant "maintains a Texas driver's license . . . [and] resides at 318 New Castle Drive, Laredo, Texas 78045" (Dkt. No. 9 at 2). On February 26, 2025, the parties attended an initial scheduling conference before U.S. Magistrate Judge Diana Song Quiroga, at which Plaintiffs' attorney reiterated her belief that Defendant was a Texas citizen (Min. Ent. Feb. 26, 2025). However, she would not confirm that she would move for remand (Min. Ent. Feb. 26, 2025). Judge Song Quiroga encouraged the parties to confer and work together to resolve the citizenship dispute (Min. Ent. Feb. 26, 2025).

---

[1] Defendant's removal was thus likely untimely under 28 U.S.C. § 1446(b)(1), which requires a defendant to file a notice of removal

> within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

However, Plaintiffs waived any argument to remand on this basis because "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c); *see also U.S. Bank Nat'l Ass'n v. Jefferson*, 314 F. Supp. 3d 768, 775 (S.D. Tex. 2018) (first citing *Belser, M.D. v. St. Paul Fire and Marine Ins.*, 965 F.2d 5, 8 (5th Cir. 1992); and then citing *Louisiana v. Sparks*, 978 F.2d 226, 233 n.11 (5th Cir. 1992)).

Despite Plaintiffs' mysterious reticence to move for remand, the Court ordered briefing on Defendant's citizenship, noting that federal courts "have the duty to examine the basis for their subject matter jurisdiction, doing so on their own motion if necessary" (Dkt. No. 13 at 2–3 (citing *Lewis v. Hunt*, 492 F.3d 565, 568 (5th Cir. 2007) (citations omitted)). The parties filed their briefs (Dkt. Nos. 15, 16). Plaintiffs continued to aver that Defendant was a Texas citizen and requested that "the Court remand the case on its own motion" (Dkt. No. 16 at 2). Defendant maintained that he was a Mexican citizen but requested additional time to file "supporting documents that may assist the Court in resolving questions surrounding Defendant's citizenship" (Dkt. No. 15 at 3). Although expressing skepticism about the basis for its jurisdiction, the Court permitted Defendant to file the additional documentation, which Defendant filed on March 28, 2025 (Dkt. Nos. 17, 18).

## II.   LEGAL STANDARDS

Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000 and the parties are, as relevant here, citizens of different states. *See I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 408 (5th Cir. 2023). Uncertainties about jurisdiction are resolved in favor of remand. *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002) (citation omitted)); *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." (citation omitted)). The removing party must establish jurisdiction. *Shearer v. Sw. Serv. Life. Ins.*, 516 F.3d 276, 278 (5th Cir. 2008) (citation omitted).

### III. DISCUSSION

After carefully examining the record and the parties' arguments, the Court finds that Plaintiffs have presented persuasive evidence Defendant is a Texas citizen. The removal statute must be strictly construed, and all doubts resolved in favor of remand. *Alarcon v. Aberration, Inc.*, No. 5:21-CV-128, 2021 WL 5987026, at *2 (S.D. Tex. Dec. 16, 2021) (Garcia Marmolejo, J.) (citing *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)); *see also Quinonez v. Perez*, 712 F. Supp. 3d 879, 884 (W.D. Tex. 2024) (citing *Gasch v. Hartford Accident & Indem.*, 491 F.3d 278, 281–82 (5th Cir. 2007)). Accordingly, as elucidated below, the Court **REMANDS** this action *sua sponte*. *See* 28 U.S.C. § 1447(c); *Ruano v. Jordan*, No. 4:21-CV-01180, 2023 WL 5186848, at *1 (S.D. Tex. Aug. 10, 2023) (citing *Coleman v. Alcolac, Inc.*, 888 F. Supp. 1388, 1394 (S.D. Tex. 1995)) ("[A] court must remand a case if it determines that it lacks subject matter jurisdiction").

Significantly, "[i]n cases removed from state court, diversity of citizenship must exist **both at the time of filing in state court and at the time of removal to federal court**." *Waterbridge Tex. Operating, LLC v. Petro Guardian, LLC*, No. 23-CV-00035-DC-DF, 2024 WL 3566702, at *1 (W.D. Tex. July 26, 2024) (emphasis added) (citing *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)), *report and recommendation adopted*, No. P:23-CV-00035-DC, 2024 WL 3875129 (W.D. Tex. Aug. 18, 2024); *see also In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (citation omitted).

Here, in his attempt to establish that he is a Mexican citizen, Defendant has furnished the following documents, which list Mexico addresses: (1) a Mexico driver's license; (2) a Mexican tax identification document; and (3) a Mexico voter registration

card with an effective term of 2024–34 (Dkt. Nos. 15-1; 18-1; 18-2).

However, the driver's license and tax document were both issued after Plaintiffs filed their petition in state court on August 15, 2024 (Dkt. No. 3 at 3). The driver's license issued on December 4, 2024 (Dkt. No. 18-1 at 3, 4).[2] This was just before Defendant's removal on December 9, 2024, but nearly four months after Plaintiffs filed their state-court petition (Dkt. Nos. 1; 3 at 3). The tax identification document was issued on March 1, 2025—months after both the petition and the notice of removal were filed (Dkt. No. 18-2 at 3, 6). In fact, the tax document was issued eight days after Plaintiffs first questioned Defendant's citizenship in the parties' joint discovery report, raising concerns that Defendant may have applied for the document simply to defeat remand (Dkt. Nos. 9 at 2; 18-2 at 3, 6). Thus, neither the driver's license nor the tax document bear upon Defendant's citizenship when Plaintiffs filed their petition. Lastly, Defendant's Mexico voter registration card does not state the issuance date (Dkt. No. 15-1 at 3, 5).

The Court is likewise unaware whether Defendant purports to be exclusively a Mexican national, or a dual United States and Mexican citizen living abroad. According to Plaintiffs' briefing, Defendant's counsel did not reciprocate in exchanging citizenship documents, but Plaintiffs' counsel is under the impression

---

[2] Defendant inaccurately claimed that "his Mexican driver's license was issued on April 12, 2024" (Dkt. No. 18 at 2). He was apparently confused by the fact that Mexico follows a dd/mm/yyyy format for dates, and, therefore, thought the license issued on April 12, 2024, not December 4, 2024. However, the translation Defendant provided confirms that the license issued on December 4, 2024 (Dkt. No. 18-1 at 3). Moreover, the Court takes judicial notice that Mexico indeed follows the dd/mm/yyyy format. Fed. R. Evid. 201(b), (c)(1); *Starnes v. United States*, No. 3:16-CV-681-CWR-FKB, 2017 WL 2540583, at *1 (S.D. Miss. May 15, 2017) (taking judicial notice of information readily available through an internet search and not subject to reasonable dispute), *report and recommendation adopted*, No. 316CV00681CWRFKB, 2017 WL 2530177 (S.D. Miss. June 9, 2017).

that Defendant is a legal permanent resident (*see* Dkt. Nos. 16 at 1; 16-3). However, legal permanent residents have no right to vote in federal or state elections. *See* Rights and Responsibilities of a Green Card Holder (Permanent Resident), U.S. CITIZENSHIP AND IMMIGRATION SERVS., https://www.uscis.gov/green-card/after-we-grant-your-green-card/rights-and-responsibilities-of-a-green-card-holder-permanent-resident (last visited Apr. 14, 2025) ("Permanent residents cannot vote in federal, state, or local elections."). Yet Plaintiffs have proffered compelling evidence that Defendant is registered to vote in Texas (Dkt. Nos. 16 at 2; 16-5 at 4).

Defendant's nationality is relevant because it is well-settled that in dual citizenship cases, United States citizenship predominates, and diversity jurisdiction is only proper if the parties are diverse based on their *state* citizenship. *Coury*, 85 F.3d at 250 (citations omitted). Additionally, dual citizens residing in foreign countries cannot invoke alienage jurisdiction under 28 U.S.C. § 1332(a)(2)—as that would confer a benefit to dual citizens not enjoyed by native-born Americans. *Id.* (citations omitted). Altogether, the cloud of doubt hovering over Defendant's nationality is yet another ambiguity as to the propriety of his removal.

On the other hand, Plaintiffs produced persuasive evidence from LexisNexis records that Defendant is domiciled in Texas:

- Defendant has maintained a Texas driver's license since January 25, 2006 (Dkt. Nos. 16 at 2; 16-4 at 1).

- Defendant provided a Texas residential address to obtain his driver's license (Dkt. Nos. 16 at 2; 16-4 at 1).

- Defendant's social security number was issued in Texas (Dkt. Nos. 16 at 2; 16-

5 at 2). *See Grow ex rel. Grow v. Moncom, LLC*, No. CV 22-262-BAJ-EWD, 2023 WL 2467874, at *1 (M.D. La. Mar. 10, 2023) (considering social security card issued in Alabama as evidence of potential Alabama citizenship).

- Defendant registered to vote in the United States (Dkt. Nos. 16 at 2; 16-5 at 4).
- Defendant has two vehicles registered in Texas, a 2023 Audi and a 2024 Cadillac (Dkt. Nos. 16 at 2; 16-5 at 5, 7).
- Defendant owns several businesses registered under his name with Texas addresses (Dkt. Nos. 16 at 2; 16-5 at 10–11).

Recall that courts are "required to strictly construe the removal statute in favor of remand." *Alarcon*, 2021 WL 5987026, at *2 (Garcia Marmolejo, J.) (citing *In re Hot-Hed, Inc.*, 477 F.3d at 323); *see also Quinonez*, 712 F. Supp. 3d at 884 (citing *Gasch*, 491 F.3d at 281–82) (doubts about removal must be resolved in favor of remand). Applying that mandate here, the evidence presented weighs heavily in favor of remand. The driver's license and tax identification document Defendant provided have no bearing on his citizenship at the time Plaintiffs filed their petition, because they were created after the petition was filed. *In re Levy*, 52 F.4th at 246 (citation omitted) (for diversity jurisdiction to apply, parties must be diverse at the time of filing in state court and removal). Therefore, Defendant's sole evidence of Mexican citizenship is his Mexican voter registration card, which lists a Mexico address (Dkt. No. 15-1 at 3, 5). That is insufficient to carry his burden, as the removing party, to establish jurisdiction, especially when confronted with the substantial evidence Plaintiffs have presented that Defendant is, in fact, a Texas citizen. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).

Accordingly, the Court finds that it lacks jurisdiction to hear this matter, and the case must be remanded to state court.

### IV.   CONCLUSION

For the foregoing reasons, the Court **REMANDS** this civil action to the 49th District Court of Webb County, Texas. The Clerk of Court is **DIRECTED** to **CLOSE** this civil action and mail a certified copy of this order to the clerk of the state court. *See* 28 U.S.C. § 1447(c).

It is so **ORDERED**.

**SIGNED** April 16, 2025.

_____
Marina Garcia Marmolejo
United States District Judge